IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) | |
| Plaintiff, ) ) | |
| ) | CIVIL ACTION NO. |
| v. ) ) | |
| LOWE'S HOME CENTERS, INC., ) ) | **COMPLAINT** |
| ) ) | **JURY TRIAL DEMAND** |
| Defendant. ) ) | |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices that discriminate on the basis of sex and to provide appropriate relief to Linda Whitmore who was adversely affected by such practices. As articulated with greater particularity in Paragraph 7 below, the Commission alleges that Ms. Whitmore was discriminated against based on her gender (female), when Defendant Employer failed to promote her to an available Assistant Store Manager position in April 2003, despite her qualifications. In addition, the Commission alleges that Ms. Whitmore was subjected to unwelcome gender-based derogatory treatment and harassment from her initial Supervisor, John Buzzaro, which created a hostile work environment for her as a female and about which she complained. Finally, as a result of being denied promotion while less qualified similarly-situated males were promoted, and because of the hostile work environment, Ms. Whitmore was constructively discharged on July 7, 2003, because she could no longer tolerate the discrimination. As a result of the discriminatory

1

conduct, Ms. Whitmore suffered backpay losses and emotional distress damages.

## JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to § 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981A.

2.  The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the District of Delaware.

## PARTIES

3.  Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000(e)-5(f)(1) and (3).

4.  At all relevant times, Defendant Lowe's Homes Centers, Inc., (hereinafter referred to as "Defendant Employer"), has continuously been and is now doing business in the State of Delaware, in the City of Lewes, and has continuously had at least 15 employees.

5.  At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, a charge of discrimination was filed with the Commission, alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least 2003, Defendant Employer has engaged in unlawful employment practices at its Lewes, Delaware facility in violation of Section 703(a)(1) of Title VII, 42 U.S.C. Section 2000e-2(a)(1), by discriminating against Ms. Whitmore on the basis of her gender as follows:

(a) On May 20, 2002, Ms. Whitmore was hired by Defendant as a Department Manager at its Lewes, Delaware facility. Upon her hire, Ms. Whitmore states that she was advised by Store Manager Steve Webster that due to her years of prior Store Manager experience with the K-Mart Corporation, she would have to "pay her dues" for six months as a Department Manager, and thereafter would be immediately placed into an Assistant Store Manager position. At all relevant times throughout her employment with Defendant, Ms. Whitmore had satisfactory performance.

(b) Upon her hire, Ms. Whitmore was placed into a Department Manager position in the Hardware/Tools Department under the supervision of Zone Manager, John Buzzaro. Buzzaro subjected Ms. Whitmore to gender-based harassment in the form of threatening and intimidating physical conduct, including but not limited to, making growling noises at her, following her around the store, jumping out from behind posts in front of her, and threatening to jump on her. Upon information and belief, Mr. Buzzaro subjected other female employees to such gender-based harassment, but not male employees. On November 15, 2002, Ms. Whitmore complained about this conduct to Store Manager, Joe Donovan, and District Manager Clay Bain. Although Donovan

transferred Ms. Whitmore to the Electrical Department on November 21, 2002, Buzzaro was then placed in charge of that department by Donovan, and he remained Ms. Whitmore's supervisor. Thereafter, he continued the harassment.

(c) On December 2, 2002, Ms. Whitmore applied for a posted position for the Assistant Manager Training Program (ASM), and was deemed qualified by Defendant Employer's Human Resources Department. Thereafter, Ms. Whitmore completed the written application materials and was interviewed on December 16, 2002. Upon information and belief, Ms. Whitmore was the only female employee who was interviewed for the ASM position, along with three male employees from the Lewes store.

(d) In late January 2003, Ms. Whitmore was advised that she was not selected for an ASM position and was advised by Joe Donovan that within two (2) weeks she would be provided with information that would explain why she was not selected, and would include what areas she could improve upon to be considered in the future. Thereafter, Ms. Whitmore inquired of Donovan as to why she was not selected, and he advised her that the interviews were "thrown out" and no selections would be made. He further advised Ms. Whitmore that Defendant would no longer conduct interviews when making selections for Assistant Store Managers. Upon information and belief, Defendant did not select any candidates for ASM positions at that time.

(e) On March 10, 2003, Ms. Whitmore again applied for a posted opening for an Assistant Store Manager position and was again deemed qualified by Defendant's Human Resources Department. Ms. Whitmore again submitted all required written application materials. Despite Defendant's earlier assertions, it did again, conduct interview of the applicants, and Ms. Whitmore, and other male applicants, were interviewed. Upon knowledge and belief, Ms. Whitmore was the

4

only female interviewed; five male candidates were also interviewed by Defendant.

(f) In early April 2003, Ms. Whitmore was advised by Defendant that she was not selected for an ASM position, and she learned that four of the five males who were interviewed were selected. She was further advised by co-worker William Thompson, who was selected for an ASM positions, that the interview questions and "right" answers had been given to him, and to Eric Miller, another male ASM selectee, by Store Manager Joe Donovan.

(g) On May 26, 2003, Ms. Whitmore complained to Defendant Employer via its 800 Confidential Alertline that she believed there was gender bias in the selection process for ASM positions.

(h) On June 20, 2003, Ms. Whitmore met with Christine West, Defendant's Area Human Resource Manager, along with Ken Boyell, District Manager, to discuss her complaint of gender bias. During the meeting, Defendant's officials denied that there was any gender bias in the ASM selection process, but could not articulate any reason why Ms. Whitmore was not selected for an ASM position.

(i) On June 26, 2003, Ms. Whitmore received a performance appraisal from Donovan, which contained negative comments about Ms. Whitmore's supervision of employees. She refused to sign it. The following day, Donovan threatened to transfer Ms. Whitmore again, and she requested a copy of her personnel file. However, Defendant refused to permit Ms. Whitmore to view her personnel file.

(j) On July 7, 2003, Ms. Whitmore was constructively discharged from her employment as she could no longer tolerate the sex discrimination in Respondent's workplace.

The effect of the practices complained of in paragraphs 7(a) through (j) above has been to

deprive Ms. Whitmore of equal employment opportunities and otherwise affect her status as an employee because of her sex, in violation of Title VII.

8. The acts complained of in paragraph 7 above were intentional.

9. The unlawful employment practices complained of in paragraph 7 above were done with malice or with reckless indifference to the federally protected rights of Linda Whitmore.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in unlawful employment discrimination, or any employment practice which discriminates on the basis of sex.

B. Order Defendant Employer to institute and carry out policies, practices and programs which provide equal employment opportunities for females, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant Employer to make whole Linda Whitmore by providing affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D. Order Defendant Employer to make whole Ms. Whitmore by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 7 above, including but not limited to backpay, frontpay, and out-of-pocket losses in amounts to be determined at trial.

E. Order Defendant Employer to make whole Ms. Whitmore by providing compensation

for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraph 7 above, including pain and suffering, humiliation, embarrassment, and the loss of life's pleasures, in amounts to be determined at trial.

  F. Order Defendant Employer to pay Ms. Whitmore punitive damages for its malicious and reckless conduct described in paragraph 7 above, in amounts to be determined at trial.

  G. Grant such further relief as the Court deems necessary and proper in the public interest.

  H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

        Eric S. Dreiband
        General Counsel

        James L. Lee
        Deputy General Counsel

        Gwendolyn Young Reams
        Associate General Counsel
        Washington, D.C.

        EQUAL EMPLOYMENT OPPORTUNITY
        COMMISSION

        _/s/ Jacqueline H. McNair_
        JACQUELINE H. McNAIR
        Regional Attorney

        _/s/ Judith A. O'Boyle_
        JUDITH A. O'BOYLE
        Supervisory Trial Attorney

        _/s/ Stephanie F. Marino_
        STEPHANIE F. MARINO
        Trial Attorney
        U.S. EEOC, Philadelphia District Office
        21 S. 5th Street, Suite 400
        Philadelphia, PA 19106
        (215) 440-2841 (direct)
        (215) 440-2828 (fax)

COLM F. CONNOLLY
United States Attorney

_/s/ Rudolph Contreras_
RUDOLPH CONTRERAS
Chief, Civil Division
Assistant United States Attorney
1007 Orange Street
Suite 700
Post Office Box 2046
Wilmington, Delaware 19899-2046
(302) 573-6277

Dated: 6/6/05

AO 440 (Rev. 10/93) Summons in a Civil Action

# United States District Court

DISTRICT OF **DELAWARE**

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

## SUMMONS IN A CIVIL CASE

V.

CASE NUMBER:

LOWE'S HOME CENTERS, INC.

TO: (Name and address of defendant)

KENNETH BOYELL
District Manager
Lowe's
1450 N. DuPont Highway
Dover, DE  19704

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

STEPHANIE F. MARINO
Trial Attorney
EEOC - Philadelphia District Office
21 S. 5th Street, Suite 400
Philadelphia, PA  19106

an answer to the complaint which is herewith served upon you, within ___20___ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

**PETER T. DALLEO**

CLERK

DATE

(BY) DEPUTY CLERK