## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

EQUAL EMPLOYMENT   )
OPPORTUNITY COMMISSION )
         )
   Plaintiff,    )   C.A. No. 05-373 (JJF)
         )
   v.      )
         )
LOWE'S HOME CENTERS, INC. )
         )
   Defendant.   )
         )

## ANSWER TO COMPLAINT

  Defendant answers the unnumbered paragraph entitled "Nature of the Action" by denying that it has engaged in any unlawful employment practices, denying that it has discriminated in any way against Linda Whitmore, and denying that Ms. Whitmore is entitled to any relief whatsoever from this Court. To the extent this unnumbered paragraph purports to summarize the allegations of paragraph 7 of the Complaint, Defendant reiterates and incorporates by reference its answers to paragraph 7 of the Complaint as set forth below.

  Defendant answers, or otherwise responds to, the allegations set forth in each of the numbered paragraphs of the Complaint as follows:

  1.  Defendant admits that this Court may exercise subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1337, 1343 and 1345. Defendant further admits that Plaintiff purports to bring this action under the authority granted in § 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended. Defendant denies each and every other allegation of paragraph 1 of the Complaint.

2.      Defendant admits that venue is proper in this Court.  Defendant denies each and every other allegation of paragraph 2 of the Complaint.

3.      Defendant admits the allegations of Paragraph 3 of the Complaint, except that it denies that the Equal Employment Opportunity Commission ("EEOC") is authorized to bring an action for claims that have not been made the subject of a charge of discrimination timely filed with the EEOC.

4.      Defendant admits the allegations of Paragraph 4 of the Complaint.

5.      Defendant admits the allegations of Paragraph 5 of the Complaint.

6.      Defendant admits that more than thirty days prior to the initiation of this lawsuit, Linda Whitmore filed a charge of discrimination with the EEOC alleging violations of Title VII by Defendant.  Defendant denies each and every other allegation of paragraph 6 of the Complaint.

7.      Defendant denies each and every allegation of the introductory and closing portions of paragraph 7 of the Complaint.

      a.   Defendant admits that it hired Ms. Whitmore on May 20, 2002 as a Department Manager at its facility in Lewes, Delaware.  Defendant denies each and every other allegation of paragraph 7(a) of the Complaint.

      b.   Defendant admits that Ms. Whitmore held the position of Department Manager in the Hardware/Tools Department and in the Electrical and Lighting Department. Defendant further admits that Ms. Whitmore's supervisor while she held her position in the Hardware/Tools Department was John Buzzurro.  Defendant denies each and every other allegation of paragraph 7(b) of the Complaint.

c.  Defendant admits that on December 2, 2002, in response to a posting by
Defendant, Ms. Whitmore applied for admission to the Management Training
Program (MTP), a program designed to train individuals to become what was then
referred to as the Assistant Store Manager position.  Defendant further admits that
the Personnel Training Coordinator (PTC) in the Lewes, Delaware store
determined that Ms. Whitmore met the minimum qualifications to be considered
for the MTP and that Ms. Whitmore was interviewed for the MTP on December
16, 2002.  Defendant denies each and every other allegation of paragraph 7(c) of
the Complaint.

d.  Defendant admits that none of the individuals from the Lewes, Delaware store
who applied for the MTP in December of 2002, including Ms. Whitmore, were
selected to participate in the MTP.  Defendant further admits that Ms. Whitmore
was advised of this decision in January 2003 and avers that Joe Donovan
thereafter provided Ms. Whitmore and the other unsuccessful applicants from the
Lewes, Delaware store with a training plan to allow each of them to increase their
chances of being selected in the future for the MTP.  Defendant denies each and
every other allegation of paragraph 7(d) of the Complaint.

e.  Defendant admits that on March 10, 2003, in response to a posting by Defendant,
Ms. Whitmore applied for admission to the Manager Training Program (MTP)
and further admits that the Personnel Training Coordinator (PTC) in the Lewes,
Delaware store determined that Ms. Whitmore met the minimum qualifications to
be considered for the MTP.  Defendant denies each and every other allegation of
paragraph 7(e) of the Complaint.

f.  Defendant admits that Ms. Whitmore was not selected for the MTP when she applied in March of 2003.  Defendant denies each and every other allegation of paragraph 7(f) of the Complaint.

g.  Defendant denies the allegations of paragraph 7(g) of the Complaint and avers that on May 28, 2003, an individual identifying herself as Ms. Whitmore called the confidential Alert Line sponsored by Defendant and alleged that Mr. Donovan did not consider her for the MTP based on her gender.

h.  Defendant admits that, on or about June 20, 2003, Ms. Whitmore met with Christine West, Area Human Resources Manager for Defendant, and Ken Boyell, District Manager for Defendant, to discuss Ms. Whitmore's Alert Line call. Defendant avers that during that meeting Ms. Whitmore was informed that the interview process that she had complained about in her Alert Line call had no bearing on the selection process for the MTP that she applied for in March of 2003.  Defendant denies each and every other allegation of paragraph 7(h) of the Complaint.

i.  Defendant admits that, on or about June 26, 2003, Ms. Whitmore received a performance planning and appraisal that suggested she needed to improve her people and communication skills and that Ms. Whitmore refused to sign that document.  Defendant denies each and every other allegation of paragraph 7(i) of the Complaint.

j.  Defendant denies each and every allegation of paragraph 7(j) of the Complaint.

8.  Defendant denies each and every allegation of paragraph 8 of the Complaint.

9.  Defendant denies each and every allegation of paragraph 9 of the Complaint.

### PRAYER FOR RELIEF

With respect to paragraphs A through H of the Prayer for Relief, Defendant denies any allegations contained therein and denies that Plaintiff is entitled to any of the relief requested therein.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000 et. seq..

### SECOND AFFIRMATIVE DEFENSE

Any award of punitive damages in this case would contravene the United States Constitution and/or would be barred because Defendant has engaged in good faith efforts to comply with all federal civil rights laws.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim for, and is not entitled to, any of the damages or other relief it seeks, including, but not limited to, any claims for compensatory or punitive damages.

## FOURTH AFFIRMATIVE DEFENSE

Defendant alleges on information and belief that if Ms. Whitmore has suffered any damages by reason of the activities alleged in Plaintiff's Complaint, Ms. Whitmore has failed to take action, or has taken insufficient action, to mitigate those damages. Consequently, any damages suffered by Ms. Whitmore must be reduced in an amount by which she could have mitigated those damages.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims under Title VII are time barred to the extent they relate to alleged acts or omissions occurring more than either 240 or 300 days prior to the date Ms. Whitmore filed a charge of discrimination with the Equal Employment Opportunity Commission.

## SIXTH AFFIRMATIVE DEFENSE

This Court does not have jurisdiction over any of Plaintiff's claims under Title VII that were not made the basis of a charge of discrimination timely filed with the Equal Employment Opportunity Commission.

## SEVENTH AFFIRMATIVE DEFENSE

Assuming for the purpose of this defense that Plaintiff could demonstrate that Ms. Whitmore's gender was a motivating factor in the personnel actions Plaintiff challenges, Defendant would have taken the same actions in absence of any such motivating factor.

WHEREFORE, Defendant respectfully requests that this Court dismiss the action in its entirely, with prejudice, and award Defendant the reasonable costs, including attorney's fees, which it expended in defending this action.

Dated: July 13, 2005

Respectfully submitted,

_____/s/ David P. Primack_____
David P. Primack (DE 4449)
Drinker Biddle & Reath LLP
1100 North Market Street, Suite 1000
Wilmington, DE  19801-1254
Phone:  (302) 467-4224
Fax:      (302) 467-4201

Of Counsel:
Thomas J Barton
Drinker Biddle & Reath LLP
One Logan Square
Philadelphia, PA 19103
Phone: (215) 988-2834
Fax:      (215) 988-2757

Gregory W. Homer
Drinker Biddle & Reath LLP
1500 K Street, N.W., Suite 300
Washington, DC  20005-1209
Phone:  (202) 842-8800
Fax:      (202) 842-8465

Attorneys for Defendant