IN THE UNTIED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| **Plaintiff,** | ) ) |
| v. | ) C.A. No.: 05-0373 (JJF) |
| LOWE'S HOME CENTERS, INC. | ) ) |
| **Defendant.** | ) ) ) |

**MOTION TO ALLOW EEOC ATTORNEYS TO
APPEAR WITHOUT LOCAL COUNSEL**

Pursuant to D. Del. L.R. 83.5, the United States respectfully moves this Court for an Order allowing Equal Employment Opportunity Commission ("EEOC") Attorneys, Judith A. O'Boyle and Stephanie Marino, to appear before this Court without the necessity of associating with local counsel. Additionally, the United States requests that Ms. O'Boyle and Ms. Marino be provided with an electronic filing password so that they can remotely file pleadings with this Court. In support of this motion, the United States provides the following:

1. The EEOC has independent litigating authority, derived from 42 U.S.C. §§ 2000e-4(b)(1) & (b)(2), for private enforcement suits brought by the EEOC under 42 U.S.C. §§ 2000e-5 & 6. The EEOC has designated Ms. O'Boyle and Ms. Marino as lead counsel for this matter. Ms. O'Boyle and Ms. Marino have been admitted to practice before this Court *pro hac vice*.

2. Local Rule 83.5 of this Court requires that attorneys such as Ms. O'Boyle and Ms. Marino, who have not been admitted to practice by the Supreme Court of Delaware, associate with a member of the bar of this Court who maintains an office in the District of Delaware. D.

Del. L.R. 83.5. As set forth below, Ms. O'Boyle and Ms. Marino are experienced attorneys. Additionally, Ms. O'Boyle has appeared before this Court *pro hac vice* in other matters. Ms. O'Boyle and Ms. Marino also routinely appear before other District Courts without the necessity of associating with AUSAs. Accordingly, requiring that AUSAs review and sign pleadings drafted by the EEOC, and appear at hearings at which Ms. O'Boyle and/or Ms. Marino will be the lead attorney, will amount to a duplication of effort. Such a duplication of effort by government attorneys will result in an unnecessary expenditure of public funds for little, or no, public gain. Of note, the District Courts in all of the jurisdictions surrounding this District allow government attorneys such as Ms. O'Boyle and Ms. Marino to appear without association of local counsel. See E.D.Pa. Local Rule 83.5(e), 83.5.2; Md. Local Rule 701(1)(b); N.J. Local Rule 101.1(f).[1] Accordingly, the United States respectfully requests that, in this particular case, the Court waive the local counsel requirement of Local Rule 83.5.

   3. EEOC attorneys Ms. O'Boyle and Ms. Marino have already been admitted to this Court *pro hac vice* for this case. As such, they have submitted to the disciplinary jurisdiction of this Court, and have certified that they are generally familiar with this Court's Local Rules.

   4. Additionally, Ms. O'Boyle and Ms. Marino are able and competent attorneys.

       a. Ms. Marino has been practicing law for ten years. She is admitted to practice in Pennsylvania, New Jersey and New York. She is also admitted to practice in the United States District Court for the Eastern District of Pennsylvania and the Third Circuit Court of Appeals.

---

[1] The New Jersey Local Rule allows out-of-town government attorneys to appear, but requires service upon the local United States Attorney. However, with the advent of electronic filing, the availability of local service is no longer important.

Additionally, she is a certified Arbitrator for the Philadelphia Court of Common Pleas, Civil Division.  Prior to joining the EEOC in February of 2005, Ms. Marino was engaged in private practice in the corporate transactions and commercial litigation departments of a large law firm.  In addition to corporate and commercial matters, her prior experience also includes litigation of catastrophic injury, professional malpractice and consumer protection cases.  Throughout her ten years of practice, she has been involved in all areas of litigation, including taking and defending depositions, arguing various types of Motions and sitting as second chair at trials in both state and federal courts.

      b. Ms. O'Boyle has been at the EEOC since 1992 and has practiced law since 1990.  She has taken or defended many depositions over the years, probably over 200.  Additionally, she has tried three cases and argued numerous motions for summary judgment and to compel.  Furthermore, Ms. O'Boyle had previously been admitted *pro hac vice* in cases before this Court including: <u>EEOC v. Dempsey's Diner</u>, 99-377 (RRM), and <u>EEOC v. Greggo & Ferrara, Inc.</u>, 98-474 (SLR).  Finally, as an EEOC supervisory attorney, Ms. O'Boyle has supervised all EEOC cases filed in Delaware since 2000 (*e.g.*, Avecia, Wilmington Trust, MBNA, Ryder, Comcast, etc.).

    5. Undersigned counsel has communicated with counsel for Lowe's concerning the subject of this motion and he stated that he has no objection.

Accordingly, for the reasons set forth above, the United States respectfully requests that EEOC Attorneys Judith A. O'Boyle and Stephanie Marino, be allowed to appear before this

Court without local counsel and that they be provided with an electronic filing password so that they can remotely file pleadings with this Court. A proposed order is attached hereto.

        Respectfully submitted,

        COLM F. CONNOLLY
        United States Attorney

        _____/S/_____
        **Rudolph Contreras**
        Assistant U.S. Attorney
        Chief, Civil Division
        1007 N. Orange Street, Suite 700
        (302) 573-6277 ext. 154
        Rudolph.Contreras@usdoj.gov

        JUDITH A. O'BOYLE
        Supervisory Trial Attorney
        STEPHANIE MARINO
        Trial Attorney
        EQUAL EMPLOYMENT OPPORTUNITY
        COMMISSION
        Philadelphia District Office, The Bourse Building
        21 S. 5th Street, Suite 400
        Philadelphia PA 19106
        Telephone: (215) 440-2841

        *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

      I hereby certify that on this 27th day of July 2005, I electronically filed the attached MOTION TO ALLOW EEOC ATTORNEYS TO APPEAR WITHOUT LOCAL COUNSEL with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

DAVID PRIMACK
Drinker Biddle & Reath LLP
1100 North Market Street, Suite 1000
Wilmington, DE 19801


                                    _____/S/_____
                                    RUDOLPH CONTRERAS
                                    Chief, Civil Division
                                    Assistant United States Attorney
                                    1007 Orange Street
                                    Suite 700
                                    Post Office Box 2046
                                    Wilmington, Delaware 19899-2046
                                    (302) 573-6277

**IN THE UNTIED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | ) ) ) |
| **Plaintiff,** | ) ) |
| v. | ) C.A. No.: 05-0373 (JJF) |
| **LOWE'S HOME CENTERS, INC.** | ) ) |
| **Defendant.** | ) ) ) |

## **ORDER**

UPON CONSIDERATION of the United States' motion to allow EEOC Attorneys, Judith A. O'Boyle and Stephanie Marino, to appear without local counsel, the reasons stated therein, the lack of any opposition thereto, and the entire record herein, it is the ____ day of _____, 2005 hereby

ORDERED that the United States' motion should be and it hereby is granted; and it is,

FURTHER ORDERED that, for this matter only, Local Rule 83.5(d) is waived, and EEOC Attorneys, Judith A. O'Boyle and Stephanie Marino, are not required to associate with local counsel nor is the United States Attorney's Office required to sign pleadings nor attend proceedings with them; and it is,

FURTHER ORDERED that the Clerk's Office provide EEOC Attorneys, Judith A. O'Boyle and Stephanie Marino, with an Electronic Filing Log-In and Password so that they may file pleadings in this Court without the participation of the United States Attorney's Office.

_____
UNITED STATES DISTRICT JUDGE