IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EQUAL EMPLOYMENT ) <br> OPPORTUNITY COMMISSION ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> LOWE'S HOME CENTERS, INC. ) <br> ) <br> Defendant. ) <br> _____ ) | C.A. No. 05-373 (JJF) |

### RULE 37 MOTION TO ALLOW ENLARGEMENT OF TIME
### TO TAKE DEPOSITION OF LINDA WHITMORE

Lowe's Home Centers, Inc. ("Lowe's"), by and through its undersigned attorneys, hereby moves for an extension of time to depose Linda Whitmore ("Ms. Whitmore") and in support of the Motion states as follows:

1. On June 6, 2005, the Equal Employment Opportunity Commission ("EEOC") filed a complaint (the "Complaint") alleging, inter alia, (i) Ms. Whitmore was discriminated against based on her gender when Lowe's failed to promote her to an available supervisory position on two separate occasions and (ii) Ms. Whitmore was subjected to unwelcome gender-based derogatory treatment and harassment from a supervisor, which led to her constructive termination from the company.

2. On July 13, 2005, Lowe's filed an answer to the Complaint denying these allegations asserting, inter alia, that no discrimination took place and that Ms. Whitmore was not qualified for a supervisory role at the time of her applications.

3. Prior to the November 21, 2005 scheduling order (the "Scheduling Order"), Lowe's indicated to the EEOC that it probably would need more than seven (7) hours to depose

Ms. Whitmore as typically provided under Rule 30(d)(2) because the critical nature of her testimony, the scope of her claims and alleged damages, and the numerous employees and witnesses identified by Ms. Whitmore. Lowe's proposed taking Ms. Whitmore's deposition over two days, which could be non-consecutive. The EEOC refused.

4. Lowe's explained to the EEOC that it intended to take only a handful of depositions and even proposed as a compromise to allow the EEOC to take more than ten (10) depositions as it had requested. The EEOC summarily refused and the parties agreed that this matter would have to be presented to this Court.

5. The Scheduling Order reflects this disagreement. Paragraph 4(d) states that: "Depositions will be limited to 10 depositions each for plaintiff and defendant. Depositions shall not commence until the discovery required by Paragraph 4 (a, b and c) are completed. Fact discovery will be completed by July 13, 2006. Plaintiff has requested 15 depositions per side to which defendant objects. Defendant has requested to take Ms. Whitmore's deposition over a two-day period, at mutually agreeable times, and not to exceed 14 hours, to which Plaintiff objects." The discovery required Paragraph 4(a, b and c) has been completed and Plaintiff's deposition has been scheduled for May 9, 2006.

6. Prior to filing this motion, Lowe's again attempted to resolve this issue, to which the EEOC responded that Lowe's could have eight (8) hours, which in Lowe's estimation is insufficient.

7. Federal Rule of Civil Procedure 30(d)(2) states: "Unless otherwise authorized by the court or stipulated by the parties, a deposition is limited to one day of seven hours. The court must allow additional time consistent with Rule 26(b)(2) if needed for a fair examination

of the deponent or other circumstance, impedes or delays the examination." Parties considering the time for a deposition – and courts asked to order an extension – might consider a variety of factors. See Advisory Committee Notes to the 2000 Amendments of Rule 30(d)(2). Lowe's contends that a fair examination of Ms. Whitmore will require an short extension of the limitation imposed by F.R.C.P 30(d)(2) for the following reasons:

(a)   EEOC identified twenty individuals who EEOC would like to depose with regard to this case. Questioning Ms. Whitmore on her relationship and knowledge of these twenty individuals could alone take up the bulk of the deposition time.

(b)   Ms. Whitmore is not a party to this litigation, and therefore Lowe's has not been able to propound any discovery requests on her directly. To compound this difficulty of obtaining direct information, the responses received by EEOC to date have been laced with non-responsive objections to the discovery requests. To make up for this deficiency, Lowe's expects that questioning of Ms. Whitmore will have to be quite extensive.

(c)   The EEOC has alleged gender discrimination based on that the fact that twice Ms. Whitmore was denied promotion to a supervisory position in the company. As part of the promotion process, there is an extensive review done by supervisors which consists of reviewing the applicant in approximately 141 different categories. Each applicant, likewise, fills out a self-evaluation in regard to these same 141 categories. Ms. Whitmore and her supervisors completed two of these extensive reviews. Because these reviews are crucial to the allegations in the Complaint, it is Lowe's intention to depose Ms. Whitmore extensively on this subject matter. Further, Ms. Whitmore has cited her prior employment experience as making her qualified for a promotion at Lowe's and, therefore, her prior employment must be examined.

   (d) Moreover, the Complaint states a separate claim for sexual harassment, which Ms. Whitmore claims involved numerous incidents over a 12-month period. There is also the constructive discharge claim in the Complaint that is not elucidated by EEOC's discovery responses. Finally, Ms. Whitmore has alleged both monetary damages and severe emotional distress. Lowe's will have to examine Ms. Whitmore on her mitigation efforts as well as her alleged emotional distress including any factual basis for such claims including any treatment.

  8. Lowe's does not intend to unnecessarily extend the deposition but needs assurance prior to the deposition that it will be able to examine each topic thoroughly so that it can plan and prepare accordingly, and believes its request is appropriate under the circumstances. As EEOC will not stipulate to an extension of time, Lowe's is left to seek relief from this Court based on its reasonable assessment that one day and seven hours will not be enough time for a fair examination of Ms. Whitmore for reasons set forth above.

  WHEREFORE Lowe's respectfully requests that the Court grant Lowe's an extension of time to depose Ms. Whitmore by allowing Lowe's to depose Ms. Whitmore continuing over a two-day period, not exceed fourteen (14) hours and further relief as is deemed necessary by the Court.

Dated: April 12, 2006

**Of Counsel**
Thomas J. Barton (admitted pro hac vice)
Gregory W. Homer (admitted pro hac vice)
DRINKER BIDDLE & REATH LLP
One Logan Square, 18th and Cherry Streets
Philadelphia, PA 19103
(215) 988-2700

Respectfully submitted,

/s/ David P. Primack
David P. Primack (DE 4449)
DRINKER BIDDLE & REATH LLP
1100 North Market Street, Suite 1000
Wilmington, DE 19801-1254
Phone: (302) 467-4200
Fax: (302) 467-4201

Attorneys for Defendant, Lowe's Home Centers, Inc.