IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) |
| v. | )  CIVIL ACTION NO.: 05-0373 (JJF) |
| LOWE'S HOME CENTERS, INC. | ) ) ) |
| Defendant. | ) ) |

**PLAINTIFF EEOC'S REPLY IN OPPOSTION TO DEFENDANT LOWE'S HOME CENTERS, INC. RULE 37 MOTION TO ENLARGE TIME TO TAKE THE DEPOSITION OF LINDA WHITMORE**

Plaintiff Equal Employment Opportunity Commission ("EEOC" and/or "Commission"), hereby files the within opposition to Defendant Lowe's Home Centers, Inc. ("Lowe's) Rule 37 Motion to Enlarge Time to Take the Deposition of Linda Whitmore and responds as follows:

1. Federal Rule of Civil Procedure 30(d)(2) provides "Unless otherwise authorized by the Court or stipulated by the parties, a deposition is limited to one day of seven hours. The Court must allow additional time for consistent with Rule 26(b)(2) if needed for a fair examination of the deponent or if the deponent or another person, or other circumstance, impedes or delays the examination." Although Rule 26(b)(2) permits the Court to alter the limits concerning the length of depositions, Rule 26 also vests the trial judge with broad discretion to tailor discovery narrowly as to "protect a party or person from annoyance, embarrassment, oppression or undue burden or expense" <u>Crawford-El v. Britton</u>, 523 U.S. 574, 1998 U.S. LEXIS 2988 (S.Ct. 1998).

2. Lowe's instant motion requests what it deems a "short extension" of the limitation imposed by F.R.C.P. 30(d)(2) – seven additional hours or one additional day – to depose Ms.

Whitmore. Such a request is by no means a "short extension" as it doubles the time limitation set forth by the Rules.

3.	Although F.R.C.P. 30(d)(2) permits the Court to grant additional time, good cause must be shown. Examples of grounds for granting an extension of time include whether a witness requires an interpreter, the examination covers events occurring over an extensive period of time or extensive documents, if multiple parties are deposed, or if someone impedes or delays the examination. Beneville v. Pileggi, 2004 U.S. Dist. LEXIS 13586 (Del. 2004); *see also,* Advisory Committee Notes to the 2000 Amendments of Rule 30(d)(2). In the instant matter, such exceptional circumstances do not exist nor have they been demonstrated.

4.	Lowe's request for an additional seven hours is premature as it has not even deposed Ms. Whitmore. Such a premature request is meant only to harass, annoy and embarrass not only the Commission, but also Ms. Whitmore – especially when Lowe's request is merely speculative. An additional seven hours (one additional day) is, and will be, excessive and unduly burdensome as the facts of this matter are not of a complex nature to necessitate multiple days of deposition testimony from Ms. Whitmore, nor do they involve a class of individuals. Since only two parties are involved in this matter, moving counsel would be the only defense counsel to ask questions of Ms. Whitmore.

5.	In support of its Motion, Lowe's contends that the EEOC "has identified twenty individuals who EEOC would like to depose" yet argues that EEOC proposed that each party be allowed to depose up to "15 individuals"[1]. Such an argument is irrelevant, incongruent and fails to provide a basis to support its request for the additional time.

---

[1] EEOC assumes that Lowe's argument is based upon the individuals identified in Plaintiff's Rule 26 disclosures. In accordance with R. 26, Plaintiff identified those individuals "**likely** to have discoverable information." (emphasis ours). It is important to note, however, that the bulk of those individuals identified by Plaintiff are, or were,

2

6.      Lowe's blatant misrepresentation that the discovery responses received by EEOC "have been laced with non-responsive objections" is a lame smoke and mirror attempt to misguide the Court's attention with irrelevant and untruthful assertions.  Although EEOC did raise relevant objections in its discovery responses, each and every discovery request was answered "subject to" any applicable objection.  If Lowe's believes there is a "deficiency" as it states in its motion, the Rules set forth the proper recourse.  Any alleged or perceived deficiency is not cured by "an endurance contest" vis-a-vie Ms. Whitmore's deposition.   Moreover, if Lowe's sought for EEOC's discovery responses to "elucidate" facts surrounding the Complaint's constructive discharge claim, then Lowe's should have included such an inquiry in its written discovery requests.  Again, any "extensive" questioning that Lowe's proposes is meant merely to harass, annoy and "punish" both the Commission and Ms. Whitmore.

7.      With regard to Lowe's allegations that Ms. Whitmore needs to be "extensively" deposed on Lowe's own promotion process – and the 141 categories comprising same – is absolutely ludicrous since it is Lowe's own policy.  Moreover, exploration into Ms. Whitmore's relevant employment history does not warrant, nor demonstrate, the need for an additional day of depositions.

8.      Since this matter does not involve multiple parties, no unique circumstances exist and no complex issues are involved, the Commission proposed to Lowe's counsel that Ms. Whitmore be deposed over the course of eight hours.  Without even attempting to depose Ms. Whitmore to see if additional time was necessary, Lowe's filed the within Motion.  Therefore, it is respectfully suggested that if Lowe's is permitted an additional seven hours to depose Ms. Whitmore, there

---

employees of Lowe's.  Clearly, Lowe's has easy access to these individuals and cannot justify an additional day of depositions to glean information already at its fingertips.

will be no incentive for its counsel to ask poignant, direct and relevant questions but rather an additional seven hours to purposely harass and burden the Commission and Ms. Whitmore.

9. The party seeking an extension of time to depose a deponent bears the burden to demonstrate good cause for the extension of time. Based upon the reasons set forth in Lowe's Rule 37 Motion, and EEOC's foregoing opposition, it is respectfully suggested that Lowe's has failed to meet its burden.

**WHEREFORE,** Plaintiff EEOC respectfully requests that Defendant Lowe's Motion for an Extension of Time to Depose Ms. Whitmore be Denied and that the proposed Order attached hereto be entered by the Court.

Respectfully submitted,

JACQUELINE H. McNAIR
Regional Attorney

JUDITH A. O'BOYLE
Supervisory Trial Attorney

Dated: April 13, 2006

/s/ *Stephanie Marino*
STEPHANIE MARINO
Trial Attorney

*U.S. EQUAL EMPLOYMENT
  OPPORTUNITY COMMISSION*
Philadelphia District Office
21 South 5th Street, Suite 400
Philadelphia, PA  19106
Telephone:   (215) 440-2841
Facsimile:    (215) 440-2848
stephanie.marino@eeoc.gov