IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>LOWE'S HOME CENTERS, INC., )<br>)<br>Defendant. ) | Civil Action No. 05-373<br><br>JURY TRIAL<br>DEMANDED |

## INTERVENING PARTY'S MOTION FOR INTERVENTION

1.  Linda J. Whitmore moves for an Order to intervene as Plaintiff in the above-captioned lawsuit brought by Plaintiff, the United States Equal Employment Opportunity Commission (hereinafter "EEOC"). Linda J. Whitmore is the aggrieved individual who filed the charge of discrimination with the EEOC which forms the basis for the instant lawsuit against Lowe's Home Centers, Inc. (hereinafter "LOWE'S").

2.  The grounds for this Motion are that the Plaintiff (EEOC) cannot completely meet the settlement parameters outlined by Lowe's who has asked that in the event there is a full and final settlement in this matter that the settlement agreement be kept confidential.

3.  This Motion is grounded in the expressed provisions of Section 706(f)(1) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5(f)(1), which states in pertinent part: "The person or persons aggrieved shall have the right to intervene in a civil action brought by the Commission..."

**WHEREFORE,** Ms. Whitmore's Motion to Intervene should be granted, with leave to file a Complaint in Intervention. The Complaint is attached to this Motion.

MARGOLIS EDELSTEIN

/s/ Jeffrey K. Martin

Jeffrey K. Martin, Esquire (DE #2407)
1509 Gilpin Avenue
Wilmington, DE 19806
302-777-4680
Counsel for Intervening Party

Linda J. Whitmore

Dated: August 29, 2006

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) <br> ) Civil Action No. <br> ) |
| Plaintiff, | ) <br> ) |
| v. | ) <br> ) |
| LOWE'S HOME CENTERS, INC., | ) <br> ) |
| Defendant. | ) <br> ) |
| LINDA J. WHITMORE, | ) <br> ) |
| Plaintiff Intervenor, | ) <br> ) |
| v. | ) Judge Joseph J. Farnan, Jr. <br> ) |
| LOWE'S HOME CENTERS, INC., | ) <br> ) |
| Defendant. | ) |

## COMPLAINT OF PLAINTIFF-INTERVENOR, LINDA J. WHITMORE

Plaintiff-Intervenor, Linda J. Whitmore, by and through her counsel, Jeffrey K. Martin, Esquire, alleges and avers as follows:

### JURISDICTION AND VENUE

1. This is an action under Title VII of the Civil Rights Act of 1964 (Title VII) as amended (42 U.S.C. §2000 et seq.), and Delaware common law to correct unlawful employment practices on the basis of gender, and to make whole Plaintiff-Intervenor.

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C.§§451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to

§ 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981A.

3. The actions and policies alleged to be unlawful were committed in and around Sussex County, Delaware, where Defendant is located and where Plaintiff-Intervenor worked, and therefore, this action is within the jurisdiction of the United States District Court for the District of Delaware, and the venue is proper.

4. Plaintiff-Intervenor filed a timely charge of discrimination with the Equal Employment Opportunity Commission (EEOC) within 300 days of the discriminatory action.

## PARTIES

5. Plaintiff, The Equal Employment Opportunity Commission (the "Commission"), is the agency of the United State of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000(e)-5(f)(1) and (3).

6. Plaintiff-Intervenor Linda J. Whitmore (hereinafter referred to as "Plaintiff-Intervenor" or "Ms. Whitmore"), has resided at all relevant times at 24962 Bethesda Road, Georgetown, Delaware 19947. Plaintiff-Intervenor had been employed by Defendant Lowe's Home Centers, Inc. since on or about May 20, 2002 until approximately July 7, 2003.

7. At all relevant times, Defendant Lowe's Home Centers, Inc. (hereinafter referred to as "Defendant" "Defendant Employer" or "Lowe's") has continuously been doing business in the state of Delaware, in the city of Lewes, has continuously had at least 15 employees, and is located at 19225 Gulf Highway, Lewes, Delaware.

8. At all relevant times, Lowe's had been subject to Title VII of the Civil Rights Act of 1964 and has been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§2000e(b), (g) and (h).

## THE ORIGINAL LAWSUIT

9. On or about June 6, 2005, the EEOC filed a Complaint in this Court (Civil Action No. 05-373) against Lowe's Home Centers, Inc. alleging that Lowe's Home Centers, Inc. engaged in unlawful employment practices against Plaintiff, Linda J. Whitmore, which consisted of discrimination on the basis of sex, and to provide appropriate relief to Linda J. Whitmore who was adversely affected by such practices. As articulated with greater particularity below, it is alleged that Ms. Whitmore was discriminated against based on her gender (female) when Defendant failed to promote Ms. Whitmore to an available Assistant Store Manager position in April 2003, despite her qualifications and that she was subjected to unwelcome gender-based derogatory treatment and harassment from her initial Supervisor, John Buzzaro, which created a hostile environment for her as a female and about which she complaint. Further, as a result of being

denied the promotion while less qualified similarly-situated males were promoted and because of the hostile work environment, Ms. Whitmore was constructively discharged on July 7, 2003 because she could no longer tolerate the discrimination.

10. Ms. Whitmore seeks to intervene in the proceeding commenced by the EEOC, pursuant to Section 706(f)(1) of Title VII, 42 U.S.C. §2000e-5(f)(1) and Rule 24 of the Federal Rules of Civil Procedure.

## PLAINTIFF-INTERVENOR'S COMPLAINT

11. More than thirty days prior to the institution of this lawsuit, a charge of discrimination was filed with the Commission, alleging violations of Title VII by Defendant Lowe's. All conditions precedent to the institution of this lawsuit have been fulfilled.

12. Since at least 2002, Defendant Lowe's has engaged in unlawful employment practices at its Lewes, Delaware facility in violation of Section 703(a)(1) to Title VII, 42 U.S.C. Section 20003-2(a)(1), by discriminating against Ms. Whitmore on the basis of her gender as follows:

   a) On May 20, 2002, Ms. Whitmore was hired by Defendant as a Department Manager at its Lewes, Delaware facility. Upon her hire, Ms. Whitmore states that she was advised by Store Manager, Steve Webster, that due to her years of prior Store Manager experience with the K-Mart Corporation, she would have to "pay her dues" for six months as a Department Manager, and thereafter

would be immediately placed into an Assistant Store Manager position. At all relevant times throughout her employment with Defendant Lowe's, Ms. Whitmore had satisfactory performance.

b) Upon her hire, Ms. Whitmore was placed into a Department Manager position in the Hardware/Tools Department under the supervision of Zone Manager, John Buzzaro. Buzzaro subjected Ms. Whitmore to gender-based harassment in the form of threatening and intimidating physical conduct, including but not limited to, making growling noises at her, following her around the store, jumping out from behind posts in front of her, and threatening to jump on her.

c) Upon information and belief, Mr. Buzzaro subjected other female employees to such gender-based harassment, but not male employees. On November 15, 2002, Ms. Whitmore complained about this conduct to Store Manager, Joe Donovan, and District Manager Clay Bain. Although Donovan transferred Ms. Whitmore to the Electrical Department on November 21, 2002, Buzzaro was then placed in charge of that department by Donovan, and he remained Ms. Whitmore's supervisor. Thereafter, he continued the harassment.

d) On December 2, 2002, Ms. Whitmore applied for a posted position for the Assistant Manager Training Program (ASM), and was deemed qualified by Defendant Employer's Human Resources

        Department. Thereafter, Ms. Whitmore completed the written application materials and was interviewed on December 16, 2002. Upon information and belief, Ms. Whitmore was the only female employee was interviewed for the ASM position, along with three male employees from the Lewes store.

e)     In late January 2003, Ms. Whitmore was advised that she was not selected for an ASM position and was advised by Joe Donovan that within two (2) weeks she would be provided with information that would explain why she was not selected, and would include what areas she could improve upon to be considered in the future. Thereafter, Ms. Whitmore inquired of Donovan as to why she was not selected, and he advised her that the interviews were "thrown out" and no selections would be made. He further advised Ms. Whitmore that Defendant would no longer conduct interviews when making selections for Assistant Store Managers. Upon information and belief, Defendant did not selectee any candidates for ASM positions at that time.

f)     On March 10, 2003, Ms. Whitmore again applied for a posted opening for an Assistant Store Manager position and was again deemed qualified by Defendant's Human Resources Department. Ms. Whitmore again submitted all required written application materials. Despite Defendant's earlier assertions, it did again conduct interviews of the applicants and Ms. Whitmore, and other

        male applicants, were interviewed. Upon knowledge and belief, Ms. Whitmore was the only female interviewed; five male candidates were also interviewed by Defendant.

g)     In early April 2003, Ms. Whitmore was advised by Defendant that she was not selected for an ASM position, and she learned that four of the five males who were interviewed were selected. She was further advised by co-worker William Thompson, who was selected for an ASM position, that the interview questions and "right" answers had been given to him, and to Eric Miller, another male ASM selectee, by Store Manager, Joe Donovan.

h)     On May 26, 2003, Ms. Whitmore complained to Defendant Employer via its 800 Confidential Alertline that she believed there was gender bias in the selection process for ASM positions.

i)     On or about June 20, 2003, Ms. Whitmore met with Christine West, Defendant's Area Human Resource Manager, along with Ken Boyell, District Manager, to discuss her complaint of gender bias. During the meeting, Defendant's officials denied that there was any gender bias in the Assistant Store Manager selection process, but could not articulate any reason why Ms. Whitmore was not selected for that position.

j)     On or about June 26, 2003, Ms. Whitmore received a performance appraisal from Joe Donovan which contained negative comments about Ms. Whitmore's supervision of employees and she refused to

sign it. The following day, Joe Donovan threatened to transfer Ms. Whitmore and she requested a copy of her personnel file. Defendant refused to permit Ms. Whitmore to view her personnel file.

k)  On or about July 2, 2003, Ms. Whitmore was constructively discharged from her employment as she could no longer tolerate the sex discrimination in Defendant's workplace.

13. The effect of the practices complained of in paragraphs 12(a) through (k) above has been to deprive Ms. Whitmore of equal employment opportunities and otherwise affect her status as an employee because of her sex, in violation of Title VII.

14. The acts complained of in paragraphs 12(a) through (k) were intentional.

15. The unlawful employment practices complained of in paragraph 12 above were done with reckless indifference to the federally protected rights of Ms. Whitmore as an employee.

## COUNT I
## GENDER DISCRIMINATION

16. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 15 and incorporates the same by reference as if fully set forth herein.

17. The practices of Defendant as complained above, had the effect of depriving Plaintiff of equal employment opportunities and otherwise adversely affected her employment because of her gender. The practices employed by Defendant were intentional and were done with malice

and/or reckless indifference to the federally-protected rights of Plaintiff.

18. The practices of Defendant as complained of above caused Plaintiff to experience conscious pain and suffering and other emotional harm.

19. The practices of Defendant, as described above, are imputable to Defendant in violation of 42 U.S.C. §2000e-2(a) and 3(a).

20. Defendants intentionally and maliciously discriminated against Plaintiff on the basis of her gender (female) in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §200e-2(a) when it:

    (a) treated Plaintiff differently from her similarly-situated male co-workers by denying Plaintiff equal seniority, benefits, and/or promotional opportunities; and

    (b) treated Plaintiff differently from her similarly-situated male co-workers by subjecting her to different job performance and/or job requirement and/or educational and/or seniority standards.

21. As a direct and proximate result of Defendant's unlawful gender discrimination, Plaintiff has suffered, and continues to suffer, loss of employment opportunities, loss of income, loss of other employment benefits, and has suffered, and continues to suffer, distress, humiliation, great expense, embarrassment and damages to her reputation.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff Linda J. Whitmore, respectively requests that this Court enter judgment in her favor and against Defendant, Lowe's Home Centers, Inc.:

a) Declaring that the conduct engaged in by the Defendant to be in violation of Plaintiff's rights;

b) Issuing a judgment in Plaintiff's favor ordering Defendant to provide compensation for non-pecuniary losses, including, but not limited to pain, suffering, and humiliation, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of Defendant's unlawful employment practices.

c) Issuing a judgment in Plaintiff's favor ordering Defendant to provide compensation for past and future pecuniary losses, in amount to be determined at trial;

d) Issuing a judgment in Plaintiff's favor ordering Defendant to pay punitive damages for its malicious and/or reckless conduct in amounts to be determined at trial;

e) Issuing a judgment in Plaintiff's favor ordering the Defendant to pay the costs of reasonable attorneys' fees and expenses and the costs of this litigation;

f) Grant a permanent injunction enjoining Defendant, its officers, successors, and assigns and all persons in active concert or participation with them

        from engaging in any employment practice which violates public policy; and

g)    Granting such other relief as this Court deems just and proper.

                              MARGOLIS EDELSTEIN

                              /s/ Jeffrey K. Martin

                              Jeffrey K. Martin, Esquire (DE #2407)
                              1509 Gilpin Avenue
                              Wilmington, DE 19806
                              302-777-4680
                              Counsel for Intervening Party
                              Linda J. Whitmore

Dated: August 29, 2006